## No. 266
## TISONE v. YOUNGSTOWN
Ohio Appeals, 7th Dist., Mahoning Co.
Decided Oct. 17, 1924.

797. MUNICIPAL CORPORATIONS—Damages resulting from the overflow of sewer will not lie on allegations of error in judgment of council as to capacity of sewer.

480. EVIDENCE—Testimony of tenant as to why he moved away from property held inadmissible in action for damages from sewer.

2. Testimony as to number of storms during year held inadmissible.

3. Permitting jury to view premises damaged by sewer overflow not erroneous.

923. PLEADING—Refusal to permit amendment of petition raising new issues after testimony on both sides was concluded not abuse of discretion.

FARR, J.

### Epitomized Opinion
Published only in Ohio Law Abstract

Action to recover damages for the overflowing of a sewer at No. 206 N. Hine St., Youngstown. The petition alleged that the council enacted legislation necessary for the construction of a storm and sanitary sewer, which was inadequate during ordinary storms, and that debris, mud and filth were washed upon the plaintiff's property. The answer was a general denial and on verdict for the city, error is prosecuted. The judgment was affirmed by the Court of Appeals, which held:

1. It was not error to exclude testimony of the tenant as to why he moved from the property, as such was a conclusion, and only testimony as to the condition of the property was material.

2. It was not error to exclude testimony as to the number of storms during the year, as it was not a question of how many storms had occurred during the year, but whether or not the sewer had overflowed and damage had resulted.

3. It was not error to permit the jury to visit the premises as the court had instructed the jury not to consider the view as testimony.

4. There was no abuse of discretion on the part of the trial court in refusing amendment of the petition by interlineation to raise the issue of nuisance after all the testimony had been introduced and the cause was ready to be submitted to the jury.

5. The petition alleges negligence and carelessness in judgment upon the part of the city council, and not negligence in the construction of the sewer, which in effect substitutes the judgment of the jury for that of the city council. An action cannot be based upon such allegations.

Attorneys—T. E. Antonelli for Tisone; C. W. Osborne for City of Youngstown; all of Youngstown.